IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3134 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| REINHARD LOGEWOLF, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on a report and recommendation by Magistrate Judge Piester (filing 23), recommending that Defendant's motion to suppress (filing 18) be granted. Judge Piester's findings and conclusions were announced at the end of an evidentiary hearing that he conducted on April 12, 2006. See Transcript (filing 25) at 28-29. No statement of objections has been filed pursuant to NECrimR 57.3 and 28 U.S.C. § 636(b)(1). I have conducted a de novo review of the record, and find that the report and recommendation should be adopted in part.

    The defendant's motion to suppress broadly refers to "any statements made by defendant to officers of the Lincoln Police Department shortly after his arrest at his residence . . .." (filing 18, at 1), but, as briefed by the defendant and argued at the suppression hearing, the motion only challenges one response that the defendant made to Officer Yardley, to the effect that "he'd been asleep on the floor upstairs between the bed and the dresser" (see Transcript, at 24:9-10). Judge Piester also confined his remarks at the hearing to this single statement, even though Officer Yardley testified about other statements that were made by the defendant.[1] Thus, I

---

[1] Officer Yardley testified, for example, that he heard the defendant say that he was asleep upstairs when the SWAT team entered the house, and that the defendant also stated he did not know it was unlawful for him to be in the house with the AK47 rifle that belonged to his wife.

will grant the motion to suppress only with respect to the one statement that Judge Piester found to be involuntary.

    IT IS ORDERED that:

1.     Magistrate Judge Piester's report and recommendation (filing 23) is adopted in part; and

2.     Defendant's motion to suppress (filing 18) is granted in part, as follows: The statement made by the defendant to Officer Yardley, to the effect that the defendant had "been asleep on the floor upstairs between the bed and the dresser," which statement was made while the defendant was in custody at his residence on August 4, 2005, prior to being advised of his rights as required by Miranda v. Arizona, 384 U.S. 436 (1966), shall not be admissible at trial. In all other respects, however, the motion to suppress is denied.

May 15, 2006.                     BY THE COURT:

                                          s/ *Richard G. Kopf*
                                          United States District Judge